10       LAVELLE, Appellant, v. GRIMES.

## Lavelle, Appellant, v. Grimes.

*Equity—Cancellation of deed—Fraud and undue influence.*

A bill in equity praying that a deed made by a father to his daughter and son-in-law be declared null and void on the ground that at the time of its execution the grantor was in his eightieth year and feeble in mind and body, and that the grantee procured the execution of the instrument by fraud and undue influence is properly dismissed where there is a finding, based on competent evidence, that the grantor at the time he made the deed had sufficient mental capacity to understand what he was doing, and that his mind was clear when he transferred the property to his daughter and her husband, and that the grantees had exercised no undue influence over him.

Submitted March 3, 1919. Appeal, No. 6, March T., 1919, by plaintiff, from decree of C. P. Lackawanna County, May T., 1915, No. 4, Equity, dismissing bill in equity for the cancelling of a deed in the case of Martin Lavelle v. Mary Grimes and Richard Grimes. Before ORLADY, P. J., PORTER, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Bill in equity to annul and set aside a deed. Before EDWARDS, P. J.

The opinion of the Superior Court states the case.

The court dismissed the bill. Plaintiff appealed.

*Error assigned* was the decree of the court.

*A. A. Vosburg,* for appellant.

*E. J. Kelly, William J. Fitzgerald, John P. Kelly* and *Joseph O'Brien,* for appellees.

PER CURIAM, July 17, 1919:

A bill in equity was filed to declare null and void two deeds executed by Michael Lavelle, in favor of his daughter, Mary Grimes and her husband, each deed conveying

the same property, the one of later date being drawn to correct a clerical error in the earlier deed. The ground of complaint was, that the grantor was not of sufficient mental capacity and that he was subject to undue influence on the part of the grantees. The facts of the case were developed through testimony taken before the president judge, and after a full hearing an opinion was filed in which the conclusions of law are so clearly pertinent to the facts that a decree was entered in favor of the defendants, and after a further hearing on exceptions the final decree was entered.

After a careful examination of the whole record, we agree with the conclusions reached that, judging by the highest standards of proof the evidence was strongly in favor of the defendant, and that the plaintiff's bill was properly dismissed, at his costs.

The decree is affirmed.